Case 1:14-cr-00310-JCC   Document 74   Filed 10/29/14   Page 1 of 8 PageID# 371

RECEIVED
OCT 29 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14CR310 (JCC) |
| | ) | |
| JUAN ANTONIO PENA-TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Juan Antonio Pena-Torres's ("Defendant's") Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Previously, the Court granted the Defendant's motion as to Count Three, but reserved ruling as to Count Two, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). After hearing argument of counsel and in consideration of the case law, the Court will also grant the Defendant's motion as to Count Two. Thus, for the following reasons Count Two will be dismissed.

### I. Background

The Defendant was charged in a superseding indictment with three counts: (1) distribution of cocaine, (2) possession of a firearm in furtherance of a drug trafficking crime, and (3) possession of a firearm with an altered or obliterated serial number. All counts allegedly stem from an encounter with an

1

undercover law enforcement officer on August 15, 2013 in Prince William County, Virginia. After the close of the Government's case in chief, the Defendant moved for judgment of acquittal pursuant to Rule 29 as to Counts Two and Three.

## II. Legal Standard

Under Rule 29 of the Federal Rules of Criminal Procedure, "[a]fter the government closes its evidence . . . the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Court views "the evidence in a light most favorable to the prosecution, and inquire[s] whether a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt." United States v. Singh, 518 F.3d 236, 246 (4th Cir. 2008) (citation omitted). Any evidentiary and credibility conflicts must be left for the jury to decide. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). But the charged offense will only remain if the Court finds there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Bonner, 648 F.3d 209, 213 (4th Cir. 2011) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

### III. Analysis

Count Two of the superseding indictment charges the Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of section 924(c)(1)(A) of Title 18 of the United States Code. In order to sustain its burden of proof as to Count Two, the Government must prove each of the following three essential elements beyond a reasonable doubt:

> (1) The Defendant committed the crime of distribution of a controlled substance, as charged in Count One of the superseding indictment;
>
> (2) During and in [furtherance] of that crime, the Defendant knowingly used or carried a firearm, and
>
> (3) The Defendant's use or carrying of that firearm was [in furtherance of the] crime identified in Count One of the superseding indictment.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions - Criminal</u> § 39.18 (6th ed. 2011). Specifically, the Government must prove the Defendant possessed a firearm and that such possession was "in furtherance" of the drug trafficking crime charged in Count One.

> To possess a firearm in furtherance of the crime means that the firearm helped forward, advance or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element be satisfied.

2-35 <u>Modern Federal Jury Instructions - Criminal</u>, ¶ 35-89 (Matthew Bender).

Assuming only for purposes of the Rule 29 motion that the Government established the drug trafficking crime in Count One, the Defendant argues that his possession of the 9mm Ruger pistol did not forward, advance, or help promote the commission of that crime. He cites two cases in support, and argues that evidence adduced at trial shows the sale of the firearm was spontaneous and coincidental to any drug trafficking crime. First, Defendant relies on <u>United States v. Wilson</u> for the proposition that the firearm "must facilitate or have the potential of facilitating the drug trafficking offense." 115 F.3d 1185, 1191 (4th Cir. 1997). Second, Defendant also relies on <u>United States v. Lipford</u>, where the Fourth Circuit noted other circuits "have liberally construed the 'in relation to' requirement, [but] mandat[ed] that the presence of the firearm cannot be spontaneous or coincidental." 203 F.3d 259, 266 (4th Cir. 2000).

In opposition, the Government argues two theories for how the Defendant possessed the firearm in furtherance of the drug trafficking crime: (1) the protection theory, <u>i.e.</u>, the firearm was present to protect the Defendant, his drugs, or his drug proceeds, and (2) the attractive seller theory, <u>i.e.</u>, the

4

Defendant's sale of the firearm furthers his relationship with the buyer and makes the buyer more likely to engage in the drug transaction. The Government primarily relies on <u>United States v. Lomax</u>, 293 F.3d 701 (4th Cir. 2002). There, the Fourth Circuit broadly defined "in furtherance" as "indicating the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime," while also recognizing "whether the firearm served such a purpose is ultimately a factual question." <u>Id.</u> at 705. The Court then went on to discuss the "numerous ways in which a firearm might further or advance drug trafficking." <u>Id.</u>

> For example, a gun could provide a defense against someone trying to steal drugs or drug profits, or it might lessen the chance that a robbery would even be attempted. Additionally, a gun might enable a drug trafficker to ensure that he collects during a drug deal. And a gun could serve as protection in the event that a deal turns sour. Or it might prevent a transaction from turning sour in the first place.

<u>Id.</u> The Fourth Circuit also laid out factors that might prove the necessary connection between the Defendant's possession of the firearm and the drug trafficking activity:

> [T]he type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

5

<u>Id.</u> This Court finds, however, that the evidence produced at trial is factually distinguishable from <u>Lomax</u>, and instead shows that the firearm sale was spontaneous and it did not further, advance, or help forward any alleged drug trafficking crime.

First, and perhaps most notably, on cross-examination the undercover officer testified that the Defendant's sale of the firearm was "spontaneous." Under the Fourth Circuit's dicta in <u>Lipford</u>, the undercover officer's own testimony shows the possession of the firearm was not in furtherance of the drug trafficking crime. 203 F.3d 259, 266 (4th Cir. 2000).

Second, the undercover officer testified that the Defendant gave the firearm to the undercover officer wrapped in a plastic bag, and in exchange, the undercover officer gave the Defendant $650 in cash. The officer also testified that this exchange occurred before any drug transaction occurred. This firearm, now in the possession of the undercover officer, could no longer "provide a defense against someone trying to steal drug profits," nor could it "ensure that [the Defendant] collects during a drug deal," nor could it "serve as protection in the event that a deal turns sour." <u>Lomax</u>, 293 F.3d at 705. Instead, the firearm was sold "spontaneously" by the Defendant when the undercover officer first arrived. Thus, the facts as

6

established at trial are distinct from any of the factual possibilities discussed by the Fourth Circuit in Lomax.

Lastly, the Lomax factors also do not require this Court to conclude that the requisite connection existed between the Defendant's possession of the firearm and the drug trafficking activity. While the 9mm Ruger pistol is the "type of weapon" typically associated with drug trafficking crimes, the testimony produced at trial shows that no reasonable or rational juror could find the requisite connection. First, the DEA Special Agent testified that the 9mm Ruger pistol was not reported stolen. Second, the Defendant - who is an auto mechanic - told law enforcement officers after his arrest that a customer gave him the firearm as collateral or payment for repair services performed on the customer's vehicle, and thus the status of the possession was legitimate, or at the very least not illegal.[1] Third, the undercover officer testified that the firearm was stored in the same location as the cocaine, but the firearm was no longer accessible to the Defendant during the alleged cocaine sale because possession had already transferred to the undercover officer. Thus, after consulting the Lomax factors, the Court does not "conclude that a connection existed between [the] defendant's possession of a firearm and his drug

---

[1] The Defendant does not have any prior felony convictions and therefore has not lost his right to possess a firearm.

7

trafficking activity." 293 F.3d at 705.

Ultimately, when viewing the evidence admitted at trial in a light most favorable to the Government, no rational juror could find beyond a reasonable doubt that the Defendant's possession of the 9mm Ruger pistol had "the potential of facilitating the drug trafficking offense," Wilson, 115 F.3d at 1191, nor did it "advance[], or help[] forward a drug trafficking crime." Lomax, 293 F.3d at 705. Instead, the evidence shows that the sale of the 9mm Ruger pistol to the undercover officer was "spontaneous" and merely "coincidental." Lipford, 203 F.3d at 266. Accordingly, the Government has failed to satisfy its burden as to the essential elements under 18 U.S.C. § 924(c)(1)(A), and because "the evidence is insufficient to sustain a conviction," Count Two will be dismissed. Fed. R. Crim. P. 29(a).

## IV. Conclusion

For the foregoing reasons, the Defendant's motion for judgment of acquittal as to Count Two of the superseding indictment is granted.

October 29, 2014
Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

8